[No. 6449.   Decided January 12, 1907.]

O. S. JOHNSON, *Respondent*, v. HOWARD JOSLYN, *Appellant*.[1]

APPEAL—BOND—SUPERSEDEAS.   In an appeal from an order in sup-
plemental proceedings entered after judgment appointing a receiver,
a supersedeas bond given for the purpose of staying payments on
the judgment by the receiver is sufficient when given in the amount
fixed by the court, although less than the amount of the judgment,
no appeal having been taken therefrom.

BANKRUPTCY—DISCHARGE—FALSE PRETENSES.   A debt is not shown
to have been incurred in obtaining property by false pretenses, from
which there can be no discharge under the national bankruptcy act,
where it appears that originally the debtor gave his note, which was
taken on his personal credit, for the purpose of financing a contract
which proved unprofitable, and the fraudulent practices complained
of did not come up until seventy days later when the debtor gave
an order as security for the original loan.

SAME—PLEA IN BAR.   A bankrupt who has been discharged can
plead the discharge in defense of a claim that a debt was incurred
in obtaining property by false pretenses, where the debt was a
provable debt, and the same issue was raised by the creditor on
proving the debt in the bankruptcy court in order to defeat the dis-
charge, and the discharge was granted notwithstanding the claim of
fraud.

1Reported in 88 Pac. 324.

Appeal from an order of the superior court for King county, Griffin, J., entered May 14, 1906, refusing an application for the discharge of a receiver and for the payment to defendant of all money in the receiver's possession. Reversed.

*J. W. Langley* and *Robert D. Hamlin*, for appellant.

*J. E. McGrew* (*O. H. Ballou*, of counsel) for respondent.

CROW, J.—This action was originally commenced on June 28, 1895. The plaintiff, O. S. Johnson, alleged, that the defendants Howard Joslyn and Alexander M. Reynolds were partners in a certain contract with the United States government for surveying public land; that on July 29, 1893, he loaned them $400, taking therefor the defendant Joslyn's note, payable in four months; that on October 10, 1893, the defendant Joslyn, as additional security, gave him a written order on the defendant Reynolds to pay the note out of funds coming from the contract; that the order was accepted by Reynolds, who later received from the government more than sufficient funds to pay the same, but failed to do so. Upon this complaint a default judgment was entered against both defendants, for $477 debt, $35 attorney's fee and costs, which was afterwards revived, on July 27, 1900, for $768, then due.

On December 16, 1905, in proceedings supplemental to execution, it having appeared that the defendant Joslyn was receiving from the city of Seattle a salary of $115 per month, afterward raised to $140 per month, an order was entered appointing one H. Trainer as receiver for the defendant Joslyn, and authorizing him to collect such monthly salary, and after paying $100 per month as an exemption to the defendant, to apply the surplus upon the plaintiff's judgment. In January, 1906, Joslyn filed in the United States district court his voluntary petition in bankruptcy, whereupon he was adjudged a bankrupt, and further proceedings were, upon his

motion, temporarily stayed by the superior court.   On April 20, 1906, the United States district court entered a final order in the bankruptcy proceeding, discharging Joslyn.   Thereupon he made an application to the superior court in this action for a discharge of the receiver, and for an order directing payment to himself of all moneys in the receiver's possession collected from the city.   From a final order refusing such application, and continuing the receiver, the defendant has appealed.

The respondent has moved this court to dismiss the appeal, claiming that the appeal and supersedeas bond is insufficient in amount, it being given for $1,200 only.   The trial court fixed a supersedeas bond in the sum of $1,000.   The revived. judgment amounted to $1,097.50.   The appeal is not from the original judgment, nor from the revival thereof.   It is only from the order entered after final judgment refusing to discharge the receiver.   The supersedeas bond was given for the purpose of staying payments on the judgment by the receiver pending this appeal.   The bond not having been intended to secure the original judgment, and no appeal from such judgment having been taken, we think the motion to dismiss is without merit, and it is therefore denied.

Several questions are raised by the assignments of error, but we deem it necessary to consider one only.   The respondent contends that the appellant, Joslyn, was not discharged from liability upon his judgment, because the debt evidenced thereby is a liability for obtaining money or property by false pretenses or false representations, and that under subdivision 2 of section 17 of the bankruptcy act of 1898, as amended in 1903, the discharge in bankruptcy does not relieve him from liability thereon.   Amended section 17 in part reads as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as  .  .  .  (2) are liabilities for obtaining property by false pretenses or false representations,  .  .  .  "

The appellant's voluntary petition in bankruptcy was filed after the enactment of this amendment, and the effect of his discharge must be determined under its provisions. The question then arises whether his original liability to the respondent was incurred in obtaining property or money by false pretenses or false representations in contemplation of subdivision 2 of such section 17. No fraud was alleged in the original complaint, nor does it appear that any suggestion of false pretenses or false representations was ever made by the respondent until after the appellant had filed his petition in bankruptcy. Upon the hearing of appellant's application to discharge the receiver, the respondent attempted to show that the appellant had been guilty of false pretenses or false representations in securing the original loan of $400 in 1893. The evidence shows that Joslyn and Reynolds had, in the name of Reynolds, obtained a government contract to make a survey of certain public lands; that Reynolds was to perform the contract, while Joslyn was to finance the same; that Joslyn raised considerable money for that purpose, furnishing some himself, borrowing a portion from certain banks and $400 from respondent; that the contract was a financial failure; that Joslyn himself never received anything therefrom, although at one time some $1,500 of its proceeds passed through his hands in payment of partnership notes to a bank for money used in making the survey.

We fail to find in the record evidence sufficient to make any showing of false pretenses or false representations on the part of Joslyn. The note was given when the loan was made, and the order was not given or accepted for more than seventy days thereafter. Respondent in the first instance made the loan upon appellant's personal credit, and he is in no position to now claim that the obligation upon which his judgment is based originated in any false pretenses or false representations. There is no question but that his judgment was a provable obligation, under subdivision 1 of section 63 of the

bankruptcy act.    The record shows that he made proof thereof ; that he resisted the appellant's discharge in the bankruptcy proceeding, and that the appellant was granted a discharge, notwithstanding his opposition.    The appellant pleaded the discharge in this action, and upon such plea was based his application for relief from the judgment and a discharge of the receiver.  We think he has been discharged from liability on respondent's judgment, that his application should have been granted, and that the trial court erred in refusing the same.

The judgment of the superior court is reversed, and the cause is remanded with instructions to enter an order discharging the receiver, and also directing payment to the appellant of all money now in the receiver's possession which he has collected from the city of Seattle since January 5, 1906.

MOUNT, C. J., HADLEY, FULLERTON, ROOT, and DUNBAR, JJ., concur.