[No. 6888. Decided November 12, 1907.]

## O. S. JOHNSON, *Respondent,* v. HOWARD JOSLYN, *Appellant.*[1]

APPEAL—ORDERS REVIEWABLE—FINALITY. An order accepting a receiver's report and ordering his discharge is appealable as a final order.

SAME—MATTERS DETERMINED ON FORMER APPEAL—DISMISSAL. An appeal will not be dismissed on the ground that the matters were determined in a former appeal where it is patent on the face of the motion that, if granted, the appellant could not enforce the orders made by the appellate court.

SAME—AMOUNT IN CONTROVERSY. An appeal from an order discharging a receiver, wherein is involved the disposition of $135 collected by him, will not be dismissed because not within the constitutional limit, $200, for actions at law for the recovery of money.

SAME. The supreme court will assume jurisdiction of a case where the amount involved is less than $200, where the appeal is in reality an attempt to compel the lower court to obey the mandate of the supreme court upon a former appeal.

SAME—DECISION—MANDATE—CONSTRUCTION. Where the matter involved was the sum of $135 collected by a receiver, and on appeal and reversal or the judgment the appellate court found that the appellant was entitled thereto, and issued a mandate "directing payment to appellant of all money now in the receiver's possession which he had collected from the city of S. since January 5, 1906," the mandate was intended to refer to the $135 in dispute, so collected, regardless of whether it was "now in the receiver's possession," which was a mere inaptitude of expression.

[1]Reported in 92 Pac. 413.

APPEAL—DECISION—EFFECT OF REVERSAL—PAYMENT PENDING APPEAL—RECEIVERS. Money paid out by a receiver under order of court, after notice of appeal from the order, but before the appeal was perfected, is paid out ·at the peril of the receiver, who, upon reversal of the order, must look to the parties to whom it was paid.

Appeal from an order of the superior court for King county, Gilliam, J., entered April 27, 1907, accepting the report of a receiver and ordering his discharge. Reversed.

*J. W., Langley* and *Robert D. Hamlin,* for appellant.
*J. E. McGrew (E. P. Dole,* of counsel), for respondent.

DUNBAR, J.—This appeal involves the disposition of the sum of $135, collected by the receiver and alleged to have been paid to the respondent May 14, 1906, on account of a judgment which the respondent Johnson had theretofore obtained against the appellant Joslyn. The receiver had for some time been collecting the salary due from the city of Seattle to appellant Johnson, and under the directions of the court had paid a certain amount to Joslyn, and had applied the balance on respondent's judgment.

This is the second appeal in this case. The opinion of this court on the first appeal is reported in 45 Wash. 310, 88 Pac. 324, where a full and complete statement of the case may be found. The appeal in that case was from the order of the court refusing to discharge the receiver and order the payment of $135 to the respondent Johnson. After the remittitur from this court had been filed in the court below, the receiver made his report, in which he reported the collection of certain moneys and the payment of a portion thereof to the respondent Johnson; that at the time the report was made he had no money in his possession belonging to the defendant Joslyn, and that said money was collected and distributed under the direction of the court. This report was excepted to on the part of the appellant, and upon the report being accepted, this appeal was taken.

The court found that the receiver had no money of the appellant on hand, and ordered that he be discharged. The contention and showing of the appellant below was that, since the judgment had been rendered against him and since the appointment of the receiver, he had received his discharge in bankruptcy, and that the judgment theretofore was of no avail. The respondent moves to dismiss this appeal, for the reasons, (1) that the order made by the superior court from which the appeal is prosecuted is not a final order made after judgment and which affects a substantial right; (2) that the matters sought to be reviewed on this appeal were determined on the former appeal; and (3) that the amount involved in the order from which the appeal is prosecuted is less than $200, the constitutional limit put upon appeals.

We think it so plainly appears that the order from which the appeal is taken is a final order made after judgment and affecting a substantial right, that a discussion is not called for. As to the second ground of appeal, it is patent on its face that if this motion should prevail this appellant would be remediless, for he could not enforce the orders of this court in his behalf.

Considering the third ground of the motion, we are inclined to the opinion that this case does not fall within the constitutional limitation. But even if it did, so far as the amount of money is concerned, it is in reality an attempt on the part of the appellant to compel the lower court and its officer to obey the mandate of this court, and in such a case this court must necessarily assume jurisdiction to compel the enforcement of its orders and decrees; and while it is possible that the writ of mandate may have been a more direct remedy, yet, the result being the same, the court, under the liberal provisions of our code, will not too closely scrutinize the mere form of the action in which the remedy is sought.

So far as the merits of the proposition are concerned, it seems plain that the mandate of this court was not enforced

by the trial court. After a review of the case this court, in the case above referred to, said:

"The appellant pleaded the discharge in this action, and upon such plea was based his application for relief from the judgment and a discharge of the receiver. We think he has been discharged from liability on respondent's judgment, that his application should have been granted, and that the trial court erred in refusing the same. The judgment of the superior court is reversed, and the cause is remanded, with instructions to enter an order discharging the receiver, and also directing payment to the appellant of all money now in the receiver's possession, which he has collected from the city of Seattle since January 5, 1906."

It is evident that the court placed too narrow a construction upon the language used by this court in the sentence, "all money now in the receiver's possession." It is not difficult, it seems to us, to determine from the language itself that the court meant to direct the payment of all moneys which had been collected by the receiver since January 5, 1906, and that the words "now in the receiver's possession" were a mere inaptitude of expression; that the court was attempting to give substantial relief to the appellant concerning the matter which was the subject of the appeal, and the matter which was the subject of the appeal was the disposition of the money in the hands of the receiver at the time the order which was appealed from was made. Otherwise the appellant, though prevailing in this court, could receive no benefit of his appeal.

It is contended that, inasmuch as the receiver acted under the order of the court, his action must be approved by this court. However, the money which the receiver paid out, as shown by his report, was paid out after the trial and after notice of appeal had been given but before the appeal had been perfected. Under such circumstances the money having been paid during the time the appeal was available to the appellant, the receiver paid it at his peril; and if it is finally concluded that it was illegally or wrongfully paid, he must

look to the persons to whom he paid it for reimbursement. *In re Sullivan's Estate*, 36 Wash. 217, 78 Pac. 945.

The judgment will be reversed, and the cause remanded with instructions to the lower court to disapprove the report of the receiver, and to order such receiver to pay to the appellant the sum of $135, the amount in controversy.

FULLERTON, MOUNT, and RUDKIN, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.