[No. 29005.   Department One.   June 30, 1943.]

J. F. GARRETT, *Appellant,* v. NESPELEM CONSOLIDATED MINES, INC., *et al., Respondents.*[1]

[1]Reported in 139 P. (2d) 273.

*Fred'k R. Burch,* for appellant.

*Funkhouser & Twohy,* for respondent.

MILLARD, J.—Plaintiff, by counsel other than that now representing him, commenced an action November 24, 1939, to recover against Nespelem Consolidated Mines, Inc., seventeen hundred dollars for services rendered as caretaker of the property of defendant, and prayed that, as defendant corporation was insolvent, had no income, and had no assets other than its mining property, a receiver be appointed for defendant. February 26, 1940, the court entered an order appointing one Glenn E. Cunningham (who duly qualified) as receiver of and for defendant corporation with power, under the control and subject to the order of the court, to care for and keep possession of the corporation property, to collect debts and moneys, and generally to do such acts as may be ordered by the court or be sanctioned by law. The receiver's petition, filed October 26, 1940, for authorization to employ attorneys to represent him in all legal matters in connection with the receivership, was granted.

By first amended complaint, served and filed July 20, 1942, plaintiff, represented by his present counsel, sought recovery against defendant corporation in the amount of thirty-five hundred fifty dollars for alleged services, as watchman and caretaker for twenty-six

and one-half months at the rate of one hundred dollars monthly, and for assessment work in the amount of nine hundred dollars.

August 3, 1942, plaintiff noted for hearing August 15, 1942, his motion, which was served upon counsel for defendant corporation July 30, 1942, for an order of default and judgment for failure to appear or answer the amended complaint. The then attorney for defendant corporation filed and served August 3, 1942, upon counsel for plaintiff and upon the receiver for defendant corporation, notice of his withdrawal as attorney for the corporation. The following day, the receiver for the corporation filed a petition that he be substituted as defendant in the action, as the corporation's attorney, instead of pleading to the amended complaint, had withdrawn from the action and defendant corporation was without legal representation, and that receiver, as such defendant, be permitted to file an answer and put plaintiff upon his proof. Plaintiff moved that receiver's petition for substitution as defendant be stricken. Hearing had September 9, 1942, resulted in entry of an order adding the receiver as an additional defendant in the cause and authorizing him to file an answer therein. Plaintiff's motion for default was denied, with permission to renew the motion after the hearing on the defense raised by the answer of the receiver of defendant corporation, which answer the court required the receiver to file within one week from date of entry of the order. The receiver duly filed answer to the first amended complaint.

The matter came on regularly for trial December 16, 1942, in the superior court for Spokane county. Prior to the introduction of any evidence, plaintiff moved for a default judgment against defendant corporation and objected to the right of the receiver to offer any defense to the cause of action alleged in plaintiff's amended complaint. The court ruled that the receiver had the right to contest the action, and announced that

ruling upon the motion for default judgment against the corporation would be deferred until the issue between plaintiff and the receiver had been determined. Plaintiff's attorney stated that he would stand upon his motion and objections and refused to proceed further with the trial, whereupon the court entered judgment dismissing the action. Plaintiff appealed.

Counsel for appellant argues that the statutory (Rem. Rev. Stat., § 411 [P. C. § 8109]) provision that judgment by default may be had if defendant fail to answer, within the time fixed by statute, the complaint in any action arising on contract for the recovery of money only, is mandatory and that the court is without discretion in the matter.

Appellant's position that the corporation was in default in excess of two years, computing the time from date of filing and service of the original complaint in 1939, is not tenable. The filing of the amended complaint constituted an abandonment of the original complaint and the action rests on the amended complaint, which was served July 20, 1942. Default was claimed July 31, 1942. Prior to the service of the amended complaint upon the then attorney of record for the corporation, which attorney gave notice of his withdrawal August 1, 1942, as counsel for the corporation, a receiver was appointed for the corporation, and the court authorized the receiver to employ counsel to represent the receiver. The receiver, upon learning that the attorney of record for the corporation had withdrawn and that the corporation was without legal representation, immediately filed petition that he, as receiver for the corporation, be substituted as defendant in the action. Clearly, the default in appearing and answering for the corporation covered only a few days.

We cannot agree with counsel for appellant that the statute (Rem. Rev. Stat., § 411) does not permit any latitude for the exercise of discretionary power in the matter of granting or denying a petition for an

order of default. The statute does not divest the trial court of discretion. The only limitation upon the exercise of the discretionary judicial power to grant or deny the petition is that it must not be abused.

■■ In this case, there is no statement of facts by which we may determine whether the trial court abused its discretion in denying the petition for an order of default, and, in the absence of an affirmative showing to the contrary, the presumption is conclusive that the discretion was rightly exercised. If appellant was entitled to his default and remained entitled to it until a showing was made which excused the failure of the corporation to answer the amended complaint within the time prescribed by law, there is a sufficient showing, even in the absence of a statement of facts, that the discretionary power of the trial court was rightly exercised.

■ Counsel for appellant contends, citing a number of authorities, that the receiver, who filed no petition in intervention, could not properly have intervened and could not properly be substituted for the corporation as a party defendant in the action which was pending against the corporation at the time the receiver was appointed and qualified. When the receiver of the corporation learned that the corporation was not making any defense to the action against it, he promptly petitioned the court for authority to appear, and an order was entered joining the receiver as additional defendant.

It is unnecessary to review all of the cases cited. The better reasoned opinions are to the effect that, where litigation is pending against a corporation and the action is not adequately and properly defended by the corporation, the receiver should be made a party defendant and employ counsel and defend the action. *Carter v. Christ,* 148 So. (La. App.) 714.

The mere fact that, prior to the appointment of a receiver, an action at law has been commenced

against the corporation is not material in determination of the question of the power of the court of equity after the appointment of the receiver to take control of the litigation; for the judgment, if recovered by the plaintiff after the appointment of the receiver, must necessarily be enforced against the assets of the corporation in the hands of the court's receiver, and such control is an incident to the preservation and distribution of such assets. *In re New Jersey Refrigerating Co.,* 97 N. J. Eq. 358, 127 Atl. 198.

Appellant's action could have continued against the corporation alone after the receiver was appointed for the corporation. When, however, as in the case at bar, the action against the corporation is not adequately defended by it, the receiver should conduct the defense of the action or be made a party defendant and employ counsel and defend the action.

"Although a receiver pendente lite does not get title to the property of the individual or corporation, nevertheless he administers the trust. A judgment against the individual or corporation, in the absence of fraud or collusion, will establish the existence and extent of the obligation. Therefore if a suit is not properly and adequately defended by the individual or corporation, the receiver ought to conduct the defense of a law suit or be made a party defendant in an equitable action and employ counsel and defend the suit. Such a proposition seems elementary.

"To be made a party defendant needs the order of the court in which the suit is pending and the receiver must show his interest in the cause before he can be made a party defendant. He should also get authority from the court appointing him." 1 Clarke on Receivers (2d ed.) 842, § 616.

" . . . And the mere appointment of a receiver of a litigant in a pending cause being no bar to the suit, which will not abate in consequence of such appointment, the corporation, in the instance of the appointment of a receiver of a corporation, not being dissolved thereby, the receiver is not a necessary party, although he may be a proper party, to be admitted on

his own application to appear and defend if the interests which he represents render it proper or necessary, and the suit may be prosecuted to judgment without bringing him in, or if plaintiff in the suit is successful, when he undertakes the collection of his judgment it may be that the receiver can interpose. In such cases it has been held that the receiver of a litigant has no status in the action until he has made himself a party by proper proceedings; he has no unqualified right to appear and defend when he has not been made a party, and being an officer of the court, it is held that whether he should be allowed to appear and defend actions is addressed to the sound discretion of the court." 53 C. J. 349, 350, § 565.

The receiver does not, by virtue of his appointment as such, become a party to an action against a corporation for whose property the receiver is appointed. He is a stranger to the action, until he is added or substituted by an order of the court wherein the action is pending.

"It has been said that this rule that the receiver ought not to be made a party unless the pending suit specifically affects property in his possession is applicable rather where the attempt is made to force the receiver to become a party to pending litigation than where the receiver himself deems it advisable to do so, and the question whether the receiver should be allowed to intervene because of interest in pending litigation is a matter almost exclusively within the discretion of the court under the supervision of which the receivership proceedings are being conducted, and a receiver may be permitted, if authorized by order of the court appointing him, to appear in an action against the person or corporation whose property is in receivership, if he can show that the estate being administered by him will be benefited by the defeat of the pending action." 45 Am. Jur. 371, § 467.

While respondent receiver was not a necessary party to the action against the corporation of whose property he was receiver, he was a proper party; and, in the exercise of a sound discretion, the court permitted him

to appear as an additional defendant and defend the action against the corporation.

The judgment is affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.

[1]Reported in 139 P. (2d) 296.