[No. 30947. Department One. October 3, 1949.]

JESSIE M. GARRETT, *Respondent*, v. NESPELEM CONSOLIDATED MINES, INC., *Appellant*.[1]

[1] Reported in 210 P. (2d) 130.

*Frank Funkhouser,* for appellant.

*R. E. Mansfield,* for respondent.

DONWORTH, J.—This action was instituted by Jessie M. Garrett, as plaintiff, for the purpose of obtaining an order directing the involuntary dissolution of defendant corporation under the provisions of Rem. Rev. Stat. (Sup.), § 3803-50 [P.P.C. § 446-5].

The amended petition (filed February 20, 1948) alleged that plaintiff was a shareholder of the corporation; that the corporate assets were insufficient to pay all just demands for which it was liable; and that the corporation was insolvent. It was also alleged that the corporation's assets were insufficient to afford reasonable security to those who may deal with it. It was further alleged that the corporate assets consisted of eighteen unpatented mining claims located in Okanogan county near Nespelem, together with a small amount of personal property used in connection therewith, that the assessment work for the year ending June 30, 1948, had not been performed, and that it would require an expenditure of eighteen hundred dollars to do that work.

The liabilities of the corporation were alleged to consist of an indebtedness due the estate of J. F. Garrett, husband of the plaintiff, in the amount of twenty-eight hundred dol-

lars, payable "when funds are available," and other claims, the amounts of which were not known to plaintiff. The prayer of the amended petition was for the appointment of a liquidating receiver to close the affairs of the corporation and for an order directing its dissolution.

The defendant corporation answered the amended petition, admitting that plaintiff was a shareholder and admitting its ownership of the eighteen unpatented mining claims and the indebtedness of twenty-eight hundred dollars to the estate of J. F. Garrett. The answer also affirmatively alleged that on June 30, 1942, defendant, through its then operating receiver, Glenn E. Cunningham, had entered into a lease and option with one G. H. Beggs, whereby defendant leased to him the mining claims described in the amended petition, for a period of ten years with an option to purchase them for thirty thousand dollars, and that the lessee had been in possession since June 30, 1942, and, was, at the time of the filing of the answer, actively engaged in mining operations on the properties and that there were no unpaid taxes.

Plaintiff replied to the affirmative matter in the answer by admitting the execution of the lease and option on June 30, 1942, and denying the remaining allegations.

This proceeding was tried in June, 1948. At the conclusion of the hearing, the court rendered an oral decision in which it found the facts necessary to entitle the plaintiff to the relief prayed for, but expressed doubt as to the power of the court to dissolve defendant corporation in an action to which the remaining stockholders were not parties. In October, 1948, the court, upon further consideration, held that the other stockholders were not necessary parties to the proceeding. At that time the court entered its judgment, containing the following findings:

"(1) That the plaintiff, Jessie M. Garrett, is a shareholder of the defendant corporation.

"(2) That the defendant corporation is insolvent and that its assets are insufficient to pay all just demands for which said corporation is liable, and that said corporation's

assets will not afford reasonable security to those who may deal with it.

"(3) That the corporation has failed in attainment of the object for which it was organized and that the accomplishment of the said object has been found to be impracticable and has been substantially abandoned by the corporation.

"(4) That there is a substantial disagreement among the stockholders of said corporation, which cannot be resolved by them and that there is substantially an equal division of authority so that neither can proceed with the business of the corporation and no decision as to policies of the corporation can be made."

The judgment directed that the corporation be dissolved and appointed A. E. Hedrick as liquidating receiver to carry out the terms of the judgment.

A motion for a new trial having been made by defendant corporation and denied, this appeal is being prosecuted from the judgment referred to above.

Appellant assigns five errors on which it relies for a reversal of the judgment: First, that the trial court was in error in holding that respondent was a stockholder in the corporation; second, in finding that the corporation was insolvent when all debts except three claims were fully paid; third, in holding that the corporation had failed in attainment of the object for which it was organized, in view of the fact that the mining claims had been disposed of by lease and option; fourth, in holding that there was a substantial disagreement among the stockholders and officers; and fifth, in appointing a receiver.

. This court has twice been called upon to consider matters involving these same parties or their predecessors. The first was an action by J. F. Garrett, the husband of respondent, brought in November, 1939, against Nespelem Consolidated Mines, Inc., appellant herein, to recover $3,550 for services rendered as caretaker of this mining property and for assessment work. The appointment of a receiver was sought on the ground of insolvency of the corporation. The superior court entered an order appointing Glenn E. Cunningham as operating receiver and, later, a second order permitting the receiver to be substituted as defendant in the

action in lieu of the corporation, which had not yet answered the amended complaint. This court held that the receiver was a proper, though not a necessary, party defendant and affirmed the judgment. *Garrett v. Nespelem Consolidated Mines*, 18 Wn. (2d) 340, 139 P. (2d) 273.

The second case involved the interpretation of the order entered by the trial court on April 24, 1944, winding up the receivership and allowing Garrett compensation for services as caretaker performed at the instance of the receiver. The court's order approving the receiver's final account provided that Garrett should be paid twenty-eight hundred dollars for services rendered "when funds are available." This quoted phrase was interpreted by this court to mean when *money* was available as distinguished from *corporate assets*. *Garrett v. Nespelem Consolidated Mines*, 23 Wn. (2d) 824, 162 P. (2d) 591.

■ With respect to the first error assigned, it is to be noted that appellant's answer admitted that respondent was a shareholder. Moreover, her testimony showed that her husband, J. F. Garrett, owned 178,000 shares of stock in the corporation at the time of his death, April 16, 1947, and that the stock was community property of respondent and her husband. Respondent testified that she had been appointed administratrix of her husband's estate and that she was his sole heir. The undisputed testimony further showed that she had voted this stock at shareholders' meetings of the corporation and had actively participated in its affairs as an officer and director. In view of these facts, we are of the opinion that appellant cannot now be heard to say that respondent was not a shareholder of the corporation with capacity to institute this proceeding.

The undisputed evidence further showed that respondent, together with her late husband J. F. Garrett, had an established claim against the corporation in the amount of twenty-eight hundred dollars for services performed by Mr. Garrett prior to his death. As surviving member of the marital community and as administratrix of her husband's

estate, respondent is now a creditor of the corporation whose claim has been reduced to judgment.

Since Rem. Rev. Stat. (Sup.), § 3803-51 [P.P.C. § 446-7], provides that a petition for involuntary proceedings for dissolution may be filed by either a shareholder or by a creditor whose claim has either been reduced to judgment or is admitted by the corporation, we hold that respondent had legal capacity to institute this proceeding, both as a shareholder and as a creditor.

Addressing ourselves to the second, third, and fourth errors assigned, it would serve no useful purpose to set forth the testimony concerning the legal and financial difficulties which have beset appellant and its shareholders from its incorporation in 1935 to the time of the hearing in this proceeding in 1948.

The evidence relating to these assignments of error may be summarized as follows:

Appellant was incorporated for the purpose of developing a silver mine on the unpatented claims formerly owned by its original stockholders. No ore was ever produced except ten tons by a lessee which abandoned the property in 1938. No dividends have ever been paid. The project has never been adequately financed. The object for which appellant was formed appears to be impracticable.

G. H. Beggs, who was given a ten-year lease and option in 1942, has not put the property into production and has never paid appellant any royalties. He has permitted the tunnels to deteriorate, and it would cost approximately seven thousand dollars to restore them to proper condition. A notice of cancellation of his lease was mailed to him in 1947 by appellant's directors.

Appellant's indebtedness to respondent's late husband and his estate, payable when money is available, has been owing since 1944, and there is no reasonable prospect that appellant will be able to pay this and the two other claims. Appellant's assets are insufficient either to pay all just demands against it or to afford reasonable security to those who may deal with it.

The record shows that two persons have each been claiming the office of secretary-treasurer of appellant since the annual meeting in 1947. The election of two of the three directors elected at that time was challenged by their predecessors on the ground that respondent could not legally vote a certain proxy for 500,000 shares. The testimony establishes a substantial disagreement among the shareholders which could not be resolved by them and that there was substantially equal division of authority.

■ Clearly the evidence was sufficient to warrant the trial court in making the findings complained of in the second, third, and fourth assignments of error.

■ The remaining error assigned by appellant is that the court erred in appointing a receiver. Appellant relies on *Secord v. Wheeler Gold Mining Co.*, 53 Wash. 620, 102 Pac. 654, and other similar decisions of this court. In the *Secord* case, the minority stockholders in a solvent corporation were seeking the appointment of a receiver to take the control of its business away from the board of directors, although no fraud or mismanagement was shown. We there held that the appointment of a receiver was unwarranted.

In the present proceedings, the appointment of the receiver is merely for the purpose of liquidating the assets of appellant in connection with carrying out the order of corporate dissolution. It does not have the effect of interfering with the management of the affairs of a solvent corporation as in the *Secord* case, *supra*. The action of the trial court in appointing a liquidating receiver is authorized by Rem. Rev. Stat. (Sup.), § 3803-53 [P.P.C. § 446-11], reading as follows:

"1. The court may appoint a liquidating receiver or receivers. . . .

"c. upon the filing of a petition for involuntary proceedings for dissolution, but only after process has issued against the corporation and any other defendants named in the petition and after the filing of answers admitting the allegations of the petition, or after proof of such allegations if the same are not admitted."

The evidence abundantly supports the findings contained in the judgment dissolving the corporation and appointing a liquidating receiver, as entered by the trial court; and that judgment, being in accordance with the applicable provisions of the uniform business corporation act, is hereby affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and GRADY, JJ., concur.

[1]Reported in 210 P. (2d) 144.