IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

MARY FUNG KOEHLER,       )     No. 68539-2-I
                        )
    Appellant,            )
                        )
    v.                       )
                        )
REXFORD LAWRENCE,        )     UNPUBLISHED OPINION
                        )
    Respondent.          )     FILED:  July 22, 2013
_____ )

VERELLEN, J. — Mary Fung Koehler appeals from numerous trial court orders that

culminated in a receiver's sale of a condominium to the estate of Rexford Lawrence.

Because Koehler's appeal is untimely as to all but one of the challenged trial court

orders, and because she provides no argument or citation to the relevant trial record or

legal authority regarding that order, we affirm.

## FACTS

In 1999, Lawrence sought to purchase a new residence, but was unable to obtain

a mortgage due to credit problems.  Mary Fung Koehler, a licensed real estate broker,

agreed to take out a mortgage as the nominal purchaser of a condominium that

Lawrence would then occupy.  Lawrence and Koehler executed two contracts:  (1) a 20-

year residential lease requiring Lawrence to pay rent equivalent to the monthly

mortgage payments and all expenses; and (2) a purchase option giving Lawrence the

option to buy the property from Koehler by paying off all encumbrances and paying Koehler one-third of the net appreciation of the property.

On September 22, 2005, Lawrence gave Koehler notice of his intent to exercise the option to purchase, but Koehler refused to comply. Lawrence filed a complaint for breach of contract and prevailed, winning a money judgment in the amount of $109,076.77.[1]

During that trial but prior to entry of judgment, Koehler filed an unlawful detainer lawsuit against Lawrence in King County Superior Court, and recorded a declaration of homestead with the King County Recorder's Office. The trial court resolved the unlawful detainer issue in favor of Lawrence, concluding that the judgment in the 2005 lawsuit terminated the prior lease agreement, that Lawrence's ongoing occupancy and payment of rent resulted in the creation of a month-to-month tenancy, and that Koehler had not given any notice to terminate that tenancy.

Due to concerns that Koehler's actions would dissipate the value of the property, the superior court converted the unlawful detainer to a general jurisdiction action and appointed a receiver for the condominium.[2] Upon Lawrence's death in 2008, the receiver leased the condominium to Lawrence's heirs for market rent.[3]

In 2011, the receiver determined that it was appropriate to sell the condominium and close the receivership. At about the same time, Koehler filed for Chapter 7

---

[1] This court affirmed in an unpublished opinion. Lawrence v. Koehler, noted at 152 Wn. App. 1012 (2009).

[2] RCW 7.60.055 (trial court has authority over receiver and subject property).

[3] "The receiver, with the court's approval after notice and a hearing, may use, sell, or lease estate property other than in the ordinary course of business." RCW 7.60.260.

bankruptcy and received her discharge. The superior court authorized a sale, declared Koehler's declaration of homestead invalid, and identified an equitable lien on the condominium in favor of Lawrence's estate in the amount of the previous judgment.

In the bankruptcy proceedings, Koehler unsuccessfully sought to avoid the equitable lien. On January 29, 2012, after the superior court determined the date that the equitable lien attached, the bankruptcy court made its final determination that Koehler could not avoid the equitable lien on the condominium.

Once the bankruptcy court determined the equitable lien survived Koehler's bankruptcy, the receiver sold the condominium to Lawrence's estate on February 3, 2012. The estate paid in full the balance owing on the mortgage and all transaction costs. As previously approved by the superior court, the estate paid the balance of the sale price in the form of a credit against the equitable lien. On March 2, 2012, the receiver was awarded attorney fees and discharged.

Koehler filed a notice of appeal on March 26, 2012.

## DISCUSSION

Koehler seeks review of numerous trial court orders, some dating as far back as 2008. But RAP 5.2 is a restrictive rule, and provides only a 30-day period within which a party must file a notice of appeal. Koehler's appeal was timely only as to the March 2, 2012 order. That order awarded expenses and attorney fees to the court-appointed custodial receiver, and discharged the receiver.

3

An appeal from an award of attorney fees does not bring up for review the prior orders entered in the action.[4] The portion of the March 2 order discharging the receiver does not purport to approve a final report by the receiver.[5] The mere removal of a receiver is not appealable as a matter of right. RAP 2.2, when enacted in 1976, departed from the prior rules allowing an appeal of right for an order appointing or removing a receiver. Removal is subject to discretionary review.[6] Koehler argues that the trial court "has yet to issue a final order,"[7] but she makes no argument in support of discretionary review. She presents no persuasive authority that the March 2 order was prejudicially affected by prior rulings of the trial court.[8] Accordingly, we limit our review to the portion of the order concerning attorney fees.

Although Koehler's notice of appeal is timely as to the trial court's award of attorney fees to the receiver, Koehler fails to assign error to the fee award and does not cite relevant portions of the record or legal authority supporting any challenge to the fee

---

[4] Carrara, LLC v. Ron & E Enters. Inc., 137 Wn. App. 822, 825, 155 P.3d 161 (2007).

[5] This fact distinguishes this case from Johnson v. Joslyn, 47 Wash. 531, 92 P. 413 (1907), cited by Koehler in her April 19 letter to this court. That case held that in proceedings supplemental to execution on a money judgment, an order approving the receiver's final report of the collection and distribution of money and discharging him is appealable as a final order made after judgment and affecting a substantial right.

[6] 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.2 n.32 at 130-31 (7th ed. 2011) (discussing rule drafters' advisory task force comments submitted to Supreme Court prior to adoption of original 1976 set of RAP rules).

[7] Appellant's Br. at 7.

[8] RAP 2.4(b).

award.[9] Koehler demonstrates no error that entitles her to relief. We affirm the trial court's order.

## Motion

In her reply brief, Koehler moves the court "for permission to submit pagination of the cases and authorities cited in Appellant's Incomplete Opening Brief, and to have this Court base its opinion on the pleadings in the Clerk's Papers as well as the incomplete opening brief."[10] The motion is denied.

Affirmed.

WE CONCUR:

---

[9] State v. Olson, 126 Wn.2d 315, 321, 893 P.2d 629 (1995) (when an appellant fails to raise an issue in the assignments of error and fails to present any argument on the issue or provide any legal citation, an appellate court will not consider the merits of that issue); see also Ang v. Martin, 154 Wn.2d 477, 487, 114 P.3d 637 (2005).

[10] Appellant's Reply Brief at 1.